UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MATTHEW PARDUE and CARA PARDUE,

    Plaintiffs,

v.                                                                  CASE NO.:

CARNIVAL CORP. d/b/a CARNIVAL CRUISE LINE

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

Plaintiffs, MATTHEW PARDUE ("MR. PARDUE") and CARA PARDUE ("MRS. PARDUE") (or collectively "THE PARDUES"), by and through undersigned counsel, hereby sue Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE (hereinafter collectively referred to as "CARNIVAL") a foreign corporation and alleges as follows:

1. This court has jurisdiction pursuant to Title 28 U.S.C. § 1332, as the claims set forth herein are between diverse parties and the amount in controversy is in excess of $75,000.00.

2. At all times material hereto, THE PARDUES were and are residents and citizens of the State of Louisiana.

3. At all times material hereto, CARNIVAL was, and still is, a foreign corporation doing business with substantial business contacts in the State of Florida with a base of operations in Miami, Dade County, Florida, and its principal place of business at 3655 NW 87 Avenue, Miami, Florida 33178.

4. At all times material hereto, CARNIVAL was and is doing substantial business in Miami-Dade County, State of Florida, through its common ownership, management, and/or operation of various passenger cruise ships out of Miami, Florida, and from which passenger cruise

1

ships sail to various ports with fare paying passengers such as THE PARDUES.

5.  At all times material hereto, CARNIVAL owned, managed, chartered and/or operated the cruise vessel named the CARNIVAL DREAM as part of its large fleet of vessels.

6.  At all times material hereto, the CARNIVAL DREAM began and ended its voyage in New Orleans, Louisiana. The vessel and all witnesses are located in or around New Orleans, Louisiana. This case is being pursued here solely as the result of a forum selection provision contained in the "Ticket Contract." Upon information and belief, a copy of the "Ticket Contract" is in possession by Defendant and will be made available through discovery.

7.  On or about March 3, 2019, THE PARDUES were fare paying passengers and invitees aboard the CARNIVAL DREAM. On this date, MR. PARDUE was walking down a set of stairs on the Lido Deck to the right of the movie screen, when he slipped and slid down several steps before catching himself by grabbing the railing. There were no "wet floor" signs present.

8.  On or about March 4, 2019, MR. PARDUE slipped and caught himself twice upon exiting the hot tub near the rear of the boat, while walking towards the bar. Again, there were no "wet floor" signs present.

9.  On or about March 7, 2019, MR. PARDUE slipped and fell on a foreign substance while walking across the dance floor at the club. Again, there were no "wet floor" signs present.

10. The unexpected and unseen foreign substance caused MR. PARDUE to slip and fall, severely injuring his ankle.

11. CARNIVAL breached its duty to THE PARDUES by failing to maintain the CARNIVAL DREAM in a reasonably safe condition.

12. MR. PARDUE was seen and treated in the ship's medical facility and Defendant's security team was alerted, who performed an investigation.

13.     THE PARDUES gave timely notice of this incident to crew and medical personnel aboard the CARNIVAL DREAM and have otherwise complied with all notices and provisions of the "Ticket Contract" and all conditions precedent to bringing this action.

## *COUNT I*
## *NEGLIGENCE*

14.     MR. PARDUE re-alleges the allegations of paragraphs 1 through 13, and further alleges:

15.     At all times material hereto, CARNIVAL, as a common carrier for hire, owed MR. PARDUE the highest duty of care, *The Steamship 'City of Panama' v. Phelps*, 101 U.S. 453, 462 (1879); *Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 551 (1959 AMC 1666 (5th Cir. 1959); *Vierling v. Celebrity Cruises, Inc*., 339 F.3d 1309, 1319 (11Cir. 2003), or in the alternative owed MRS. JONES the duty of reasonable care under the circumstances.

16.     CARNIVAL, its agents, and/or employees was/were negligent and breached the duty of care it owed to MR. PARDUE, in that it:

    a.     Negligently failed to maintain said vessel, and more particularly the deck and club surfaces upon which MR. PARDUE fell, in a reasonably safe condition;

    b.     Negligently failed to warn MR. PARDUE about the dangerous and unreasonably slippery nature of the deck and club surfaces and not known to or readily observable by MR. PARDUE;

    c.     CARNIVAL, its agents and/or employees failed to have in place warning signs to alert MR. PARDUE to the dangers posed by the aforesaid defective, dangerous conditions of the deck and club surfaces;

    d.     Negligently failed to properly train and/or supervise its crew members and/or employees to properly maintain the decks and clubs so that they would not become dangerous, so that the passengers like MR. PARDUE would not be injured;

    e.     Negligently failed to properly train and/or supervise its crew members and/or employees to properly maintain the decks so that they would not become dangerous, so that the passengers like MR. PARDUE would not be injured;

      f.      Negligently failed to institute safety inspection procedures to make sure that such above-described unsafe conditions aboard said vessel, were discovered and made safe;

      g.      Negligently failed to implement policies or procedures to provide effective warnings to passengers of unsafe or dangerous conditions on board;

      h.      Negligently failed to properly train and supervise its employees and/or crewmembers regarding warning passengers of unsafe or dangerous conditions on board;

      i.      Knew of the existence of said dangerous and defective conditions or, in the exercise of reasonable care, should have known of the existence of said dangerous conditions and failed to remedy the dangerous conditions;

      j.      Knew of the existence of said dangerous and defective above-described conditions, or in the exercise of reasonable care should have known of the existence of said dangerous conditions and failed to adequately repair/correct the dangerous conditions or to give an effective warning to any and all passengers, including MR. PARDUE;

      k.      Negligently failed to have a crewmember present to control passenger traffic in the area and to ensure spills/liquid on the deck were timely discovered and cleaned up; and/or

      l.      Leaving the area in an unsafe state of disrepair without assigning a crewmember to be present to monitor/control passenger traffic through the area and/or warn of the condition.

17.     CARNIVAL was on actual or apparent notice of the danger due to, *inter alia,* numerous prior slips and falls on the same/similar surfaces on the CARNIVAL DREAM.

18.     CARNIVAL was also on notice of the dangerous condition by virtue of its legal and risk management departments' investigations and defense of countless substantially similar cases on a fleet wide basis. CARNIVAL maintains computerized searchable records on a fleet-wide basis which records contain evidence of actual or constructive notice.

19.     The above-described incident and resulting severe and permanent injuries to MR. PARDUE were a direct and proximate result of the negligence, and willful, wanton, carelessness

and recklessness of CARNIVAL, its agents and/or employees.

20. As a direct and proximate result of CARNIVAL's negligence as described herein, MR. PARDUE sustained serious injuries, including, but not limited to, past physical pain and suffering, future physical pain and suffering, past mental pain and suffering, future mental pain and suffering, past, present, and future medical expenses, loss of past and future earnings, loss of future earning capacity, disability of the body, past and future loss of enjoyment of life, and loss of consortium.  Additionally, THE PARDUES lost the value of the monies paid for their cruise aboard the CARNIVAL DREAM.

## COUNT II
## LOSS OF CONSORTIUM

21. MRS. PARDUE re-alleges the allegations of paragraphs 1 through 20, and further alleges:

22. As a direct and proximate result of the negligence of CARNIVAL, as described herein, MRS. PARDUE, has in the past suffered and will continue to suffer in the future the following damages:

    a. Loss of society, comfort, consortium, affection, and services of her spouse; and

    b. All other damages recoverable under the applicable law.

**WHEREFORE**, the Plaintiffs, MATTHEW PARDUE and CARA PARDUE, demand judgment against the Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE, for all damages which are recoverable under the General Maritime Law of the United States, the laws of the State of Florida, and all applicable law and any other damages which they may be entitled to, all of which will be in excess of Seventy Five Thousand Dollars, ($75,000.00), exclusive of interest and costs, pre and post judgment interest, and, any and all other damages and remedies that the Court deems just and proper, and requests a trial by jury on all issues.

*JURY TRIAL DEMAND*

Plaintiffs hereby demand a trial by jury on all issues.

Dated this 21st day of February 2020.

                        Respectfully submitted,

                        */s/ Brian A. Oltchick, Esq.*
                        Scott P. Yount, Esq.
                        Florida Bar No.: 0021352
                        Brian A. Oltchick, Esq.
                        Florida Bar No.: 0041787
                        Garrison, Yount, Forte & Mulcahy, L.L.C.
                        601 Bayshore Blvd, Suite 800
                        Tampa, Florida 33606-2760
                        Phone: 813-275-0404
                        Fax: 813-275-0304
                        Email: boltchick@garrisonyount.com
                        eservice@garrisonyount.com
                        *Attorney for Plaintiffs, Matthew Pardue and Cara Pardue*

**CERTIFICATE OF SERVICE**

**I hereby certify** that a true and correct copy of the foregoing was served by certified mail on the 21st day of February 2020 on all counsel or parties of record on the Service List below.

                        */s/ Brian A. Oltchick, Esq.*
                        Scott P. Yount, Esq.
                        Florida Bar No.: 0021352
                        Brian A. Oltchick, Esq.
                        Florida Bar No.: 0041787
                        Garrison, Yount, Forte & Mulcahy, L.L.C.
                        601 Bayshore Blvd, Suite 800
                        Tampa, Florida 33606-2760
                        Phone: 813-275-0404
                        Fax: 813-275-0304
                        Email: boltchick@garrisonyount.com
                        eservice@garrisonyount.com
                        *Attorney for Plaintiffs, Matthew Pardue and Cara Pardue*

## SERVICE LIST

Carnival Corporation d/b/a Carnival Cruise Line
3655 NW 87 Avenue
Miami, FL 33178-2428
Telephone: (305)-599-2600